## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **CHERIE CARTAGENA,** *Plaintiff,* v. **WUXI APPTEC, INC et al,** *Defendants.* | **CIVIL ACTION** <br><br> **Case No. 24-4136** |

### MEMORANDUM

COSTELLO, J.                                                      **August 14, 2025**

Plaintiff Cherie Cartagena brings this employment discrimination action against Defendants WuXi AppTec, Inc. ("WuXi") and Actalent Scientific, LLC ("Actalent"). Actalent has moved to dismiss the amended complaint (the "Complaint"), arguing that Plaintiff failed to exhaust her administrative remedies and otherwise failed to state a claim. As is discussed below, the Court will grant Actalent's motion.

## I.    BACKGROUND

The Complaint alleges that on or around January 17, 2022, WuXi hired Cartagena, a black woman, as a manufacturing associate. ECF No. 9 ¶ 7. Shortly after she started, Cartagena claims she noticed that her training differed from other trainees, and she received less training support. *Id*. ¶¶ 12-13. She alleges that her concerns were dismissed, and she was belittled during her training. *Id*. ¶¶ 18-20. Cartagena also alleges that co-workers and supervisors made multiple insulting comments to her and that a co-worker used the n-word on multiple occasions in Cartagena's presence. *Id*. ¶¶ 22, 24, 27, 30-31. That same co-worker also delayed reviewing Cartagena's paperwork, forcing Cartagena to stay after work hours. *Id*. ¶ 44. Cartagena was ultimately terminated on or about May 5, 2022. *Id*. ¶ 46.

## II.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must include "'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  The "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The Court must accept as true all reasonable inferences emanating from the allegations and view the facts and inferences in the light most favorable to the nonmoving party.  *See Rocks v. City of Phila*., 868 F .2d 644, 645 (3d Cir. 1989); *see also Revell v. Port Auth.*, 598 F .3d 128, 134 (3d Cir. 2010).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the Court is not required to accept "legal conclusions" couched as facts.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

## III.    DISCUSSION

Actalent argues that the Complaint should be dismissed because Cartagena failed to exhaust her administrative remedies and failed to make any substantive allegations related to Actalent.  Actalent is correct that the Complaint does not contain a single factual averment related to conduct by Actalent or any Actalent employee.  The only allegation made against Actalent is that it "is a corporation operating in the Eastern District of Pennsylvania."  ECF No. 9 ¶ 3.

According to the Complaint, WuXi was Cartagena's employer and WuXi employees subjected her to a variety of deplorable behavior.  The Complaint does not include facts to suggest that Actalent employed Cartagena, supervised her, participated in the misconduct, or was even aware of the misconduct.  Additionally, the Complaint does not allege an agency relationship or otherwise suggest that Actalent should be held liable for WuXi's conduct.  The mere mention of Actalent in the caption and a single jurisdictional sentence is insufficient to render Cartagena's claims against Actalent facially plausible.  Accordingly, Actalent's motion to dismiss will be granted.  Cartagena will be given leave to amend her complaint to allege facts sufficient to state a plausible claim for relief against Actalent, if she is able to do so.[1]

An appropriate order follows.

BY THE COURT:

MARY KAY COSTELLO
United States District Judge

---

[1]  As for Cartagena's alleged failure to exhaust her administrative remedies, dismissal on this ground is premature.  Failure to exhaust administrative remedies is an affirmative defense.  *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997) (citation omitted).  A court may dismiss a claim based on an affirmative defense only if it is apparent on the face of the complaint.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citation omitted).  Cartagena's exhaustion or lack thereof is not apparent on the face of the Complaint.